**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NEW SKETE FARMS, INC. a/k/a**
**THE MONKS OF NEW SKETE,**

|                | **Plaintiff,** |  | **1:06-CV-0486** |
|---|---|---|---|
|  |  |  | **(GLS/RFT)** |

          **v.**

**MATTHEW MURRAY, individually**
**and d/b/a ATMOSPHERE**
**ENTERTAINMENT,**

                        **Defendant.**
_____

**APPEARANCES:**                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**

OFFICE OF CHRISTINA W. MEIER    CHRISTINA W. MEIER, ESQ.
158 LaFayette Street
Schenectady, New York 12305

**FOR THE DEFENDANT:**

WHITEMAN, OSTERMAN LAW FIRM    JOSEPH D. STINSON, ESQ.
One Commerce Plaza
Suite 1900
Albany, New York 12260

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

The Monks of New Skete (New Skete) allege that Matthew Murray, through his company, breached an agreement to pay film royalties. *See Dkt. No. 1.* Pending is plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c). *See Dkt. No. 5.* For the reasons that follow, the motion to remand is denied.

### II. Procedural History

On April 19, 2006, Murray filed a notice of removal with this court. *See Dkt. No. 1.* On May 18, New Skete filed the instant motion seeking remand to the Supreme Court of New York, Washington County. *See Dkt. No. 5.*

### III. Facts

In September 1994, New Skete and Murray formed a contract to memorialize the production and distribution rights for a dog training film.[1] *See Compl, ¶4; Dkt. No. 1.* The agreement stated that New Skete would provide the training instruction, while Murray was given the film rights. *See*

---

[1]The film is entitled, "Raising Your Dog With The Monks of New Skete" (herein training series).

2

*id.* The agreement also provided that New Skete "was to receive no less than twenty percent of the net profits after the initial investment and applicable costs are recouped." *See id.* at ¶5. Since the distribution of the training series began in 1996, New Skete has not received any royalties from the sale of the series except for an initial advance of $5,000.00. *See id.* at ¶16.

## IV. Discussion

### A. Remand

New Skete argues that remand is proper because this court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) "authorizes a remand on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994) (internal quotation marks and citation omitted). "On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. UPS, Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (internal quotation marks and citation omitted). "Unless that burden is met, the case must be remanded back to state court." *Id.* (internal quotation marks and citation omitted).

3

**B.    Amount in Controversy**

There is no dispute that diversity of citizenship exists.  *See Dkt. No. 5.*  However, New Skete contends that Murray cannot show with "reasonable probability" that the amount in controversy exceeds $75,000.00.  In response, Murray offers estimates on the full value of the film, including its estimated profits from broadcast rights and production costs.  The court concludes that the amount in controversy exceeds the statutory amount.

It is well established that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000...between citizens of different states[.]..."  28 U.S.C. § 1332(a)(1).  "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to be a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount."  *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted).  Moreover, "[i]n actions seeking declaratory or injunctive relief...the amount in controversy is measured by the value of the object of the litigation."  *Davies v. Belden & Blake Corp.,* 00-CV-0245E(F), 2001 WL 210471, at *6 (W.D.N.Y. Feb. 20, 2001) (citing *Hunt v. Wash. Apple Adver.*

4

*Comm'n,* 432 U.S. 333, 347 (1977)).  "Where the plaintiff seeks injunctive

relief, the value of his claim is generally assessed with reference to the

right he seeks to protect and measured by the extent of the impairment to

be prevented by the injunction."  *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d

82, 87-88 (2d Cir. 1991).  "In calculating that impairment, the court may

look not only at past losses but also at potential harm."  *Id. at 88.*

Here, as part of its complaint, New Skete seeks to enjoin all future

film "production, manufacturing, publication and sales[.]..."  *See Compl,*

*Dkt. 1.*  New Skete also seeks to enjoin future broadcasts and have Murray

turn over all materials, including video tape and film stock.  *See id.*  Given

the relief sought by New Skete, Murray contends that the amount in

controversy must be determined by considering the full value of the film, in

addition to the contractual damages.  In support of this contention, he

points out that: (1) the value of future broadcast rights is estimated to be

over $100,000; (2) future loss of profit is estimated to be more than

$100,000 per year; and (3) the film itself cost $500,000 to produce.

Because New Skete seeks injunctive relief, the calculations are relevant to

the amount in controversy requirement, and consequently the court

concludes that the amount exceeds the statutory threshold.  Accordingly,

5

removal was proper, and plaintiff's motion to remand is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that New Skete's motion to remand (*Dkt. No. 5*) is

**DENIED**, and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order

to the parties.

**IT IS SO ORDERED.**

August 18, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge